# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. SULLIVAN III, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation,<br><br>　　　　Defendant. | Case No. 2:16-cv-02075-FMO-SSx<br><br>[DISCOVERY MATTER]<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

　　　　Plaintiff Richard J. Sullivan III ("Plaintiff") has requested production of certain documents from Defendant The Prudential Insurance Company of America ("Prudential").  Prudential anticipates producing certain confidential documents or information in response to Plaintiff's request.  As evidenced by the signatures of their respective counsel below, Plaintiff and Prudential, collectively "the Parties" herein, hereby stipulate to the terms of this Stipulated Protective Order And Confidentiality Agreement (the "Order") to provide for the protection of documents and information which contains confidential and/or proprietary information of that Party and/or any of her/its agents, employees, partners, parent or subsidiary entities, or other related entities, or of customers or other third parties with whom that Party does business (the "Protected Persons").  The Parties stipulate to this Order in order

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

153001.1

1

Case No. 2:16-cv-02075-SSx
ORDER GRANTING STIPULATED
PROTECTIVE ORDER

to provide for the discovery of certain alleged Confidential Information of the Protected Persons, as defined below, and to provide for the use of such Information solely in connection with claims made by Plaintiff in this lawsuit. Therefore, it is hereby stipulated and agreed as follows:

1. "Confidential Information" shall mean and include trade secrets, confidential, proprietary, and/or financial information of the Protected Persons, the disclosure of which may cause competitive harm to the producing Party. With respect to documents which Prudential contends contains Confidential Information, such documents must be specifically designated as "Confidential" at the time such documents are produced or within ten (10) days thereafter in order to be treated as "Confidential Information." In particular, each document containing Confidential Information must either be plainly stamped with the term "Confidential" or be designated as "Confidential" in a writing sent within ten (10) days of production in order to be protected under the terms of this Agreement. Documents may be designated as Confidential more than ten (10) days after production if the producing party can demonstrate that the document was produced inadvertently.

2. Deposition testimony about documents or other Confidential Information shall itself be deemed Confidential Information. Other portions of deposition testimony shall be deemed Confidential only if designated as such. Such designation shall be specific as to the portions to be designated Confidential. Depositions, in whole or in part, may be designated on the record as Confidential at the time of the deposition. Deposition testimony so designated shall remain Confidential until fourteen days after delivery of the transcript by the court reporter. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated Confidential. Thereafter, those portions so designated shall be protected as Confidential pending objection under the terms of this Order.

///

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153001.1

2

Case No. 2:16-cv-02075-FMO-SSx
ORDER GRANTING STIPULATED
PROTECTIVE ORDER

1  s      3.     "Good Cause Statement" This action is likely to involve confidential
2  and/or private information of third parties, trade secrets and other valuable research,
3  development, commercial, financial, technical and/or proprietary information for
4  which special protection from public disclosure and from use for any purpose other
5  than prosecution of this action is warranted.  Such confidential and proprietary
6  materials and information consist of, among other things, confidential business or
7  financial information, information regarding confidential business practices, or other
8  confidential research, development, or commercial information (including
9  information implicating privacy rights of third parties), information otherwise
10 generally unavailable to the public, or which may be privileged or otherwise
11 protected from disclosure under state or federal statutes, court rules, case decisions,
12 or common law.  Accordingly, to expedite the flow of information, to facilitate the
13 prompt resolution of disputes over confidentiality of discovery materials, to
14 adequately protect information the parties are entitled to keep confidential, to ensure
15 that the parties are permitted reasonable necessary uses of such material in
16 preparation for and in the conduct of trial, to address their handling at the end of the
17 litigation, and serve the ends of justice, a protective order for such information is
18 justified in this matter.  It is the intent of the parties that information will not be
19 designated as confidential for tactical reasons and that nothing be so designated
20 without a good faith belief that it has been maintained in a confidential, non-public
21 manner, and there is good cause why it should not be part of the public record of this
22 case.

23       4.     Confidential Information shall be used solely in connection with claims
24 made by Plaintiff in the captioned litigation, and shall not be used or disclosed for
25 any other purpose unless authorized by Prudential, or by order of the Court.
26 Confidential Information shall be treated as confidential by the receiving Party, and
27 his/its attorneys and other representatives, and will not be disclosed to anyone except
28 as provided herein. Confidential Information produced may be disclosed only to the

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153001.1

3

Case No. 2:16-cv-02075-FMO-SSx
ORDER GRANTING STIPULATED
PROTECTIVE ORDER

receiving Party, his/its attorneys, and supporting personnel employed by such attorneys.

5. If a document containing Confidential Information is filed with the Court in the captioned litigation, it will be filed under seal, but otherwise may be disclosed only to the receiving Party, his/its attorneys and supporting personnel employed by such attorneys. A party seeking to file Confidential Information under seal must comply with Local Rule 79-5. Confidential Information may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Confidential Information at issue.

6. All copies of Confidential Information authorized to be reproduced under this Agreement will be treated as though they were originals and the confidentiality of each copy will be maintained in accordance with the terms and conditions hereof. Copies of all documents and other tangible things containing Confidential Information derived from Confidential Information shall also be treated as Confidential Information.

7. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, *et seq.* The burden of persuasion in any such challenge proceeding shall be on the party who designated the documents or information at issue as Confidential. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the designating party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designation until the Court rules on the challenge.

///

///

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153001.1

4

Case No. 2:16-cv-02075-FMO-SSx
ORDER GRANTING STIPULATED
PROTECTIVE ORDER

8. Within thirty (30) days of the termination of this litigation, including any appeals, all originals and reproductions of any documents designated as Confidential Information under the Agreement by the Protected Persons shall be returned to the Protected Persons or destroyed in a manner designed to preserve confidentiality. If a Party elects to destroy any such documents or materials that are designated as Confidential Information, the Party shall send a written acknowledgment to the producing Party to notify the producing Party of the destruction.

9. In the event a Party inadvertently produces a document protected by the attorney client privilege or work product doctrine, such production shall not itself constitute a waiver of any applicable privilege. Instead, upon written request, the receiving Party shall return to the producing Party any inadvertently produced document with respect to which the producing Party asserts a claim of privilege. The Party will then provide a privilege log for any documents withheld pursuant to a claim of privilege.

10. This Agreement shall serve as a stipulation and agreement between the Parties, and shall be effective immediately as to each respective Party upon signature by counsel for such Party.

**IT IS SO STIPULATED.**

[**Signature page follows**]

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

153001.1

5

Case No. 2:16-cv-02075-FMO-SSx
ORDER GRANTING STIPULATED
PROTECTIVE ORDER

| | |
|---|---|
| Dated: October 25, 2016 | LAW OFFICE OF ROBERT F. KEEHN<br>Robert F. Keehn |
| | By: */s/ Robert F. Keehn*<br>Robert F. Keehn<br>Attorney for Plaintiff<br>RICHARD J. SULLIVAN III |
| Dated: October 25, 2016 | MESERVE, MUMPER & HUGHES LLP<br>Linda M. Lawson<br>Charles K. Chineduh |
| | By: */s/ Charles K. Chineduh*<br>Charles K. Chineduh<br>Attorneys for Defendant<br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA |

**BASED UPON THE STIPULATION OF THE PARTIES, IT IS SO ORDERED.**

Dated: October _27_, 2016        _/S/ SUZANNE H. SEGAL___
                                  Hon. Suzanne H. Segal
                                  United States Magistrate Judge